**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00254-RSP |
| | § | |
| HARRISON COUNTY, TEXAS and | § | |
| SHERIFFS' ASSOCIATION OF TEXAS, | § | |
| | § | |
| *Defendants.* | § | |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Defendant Sheriffs' Association of Texas' ("SAT") Motion for Summary Judgment ("Motion"). **Dkt. No. 80**. SAT's Motion seeks summary judgment that the constitutional claims raised by Plaintiff Jane Doe ("Doe") do not apply to SAT, that SAT was not negligent, that the negligent infliction of emotional distress claim is not cognizable under Texas law, that SAT is not vicariously liable, and dismissing all claims against it. *Id.* at 26–27.

**I.      BACKGROUND**

The Second Amended Complaint regards an incident during a transport from a state detention facility to the Harrison County Jail by former defendant Roger "Chilly" Valentine ("Valentine") on March 22, 2019, during which Valentine allegedly sexually assaulted Doe while on duty. Dkt. No. 46 at 1–2. The claims against Valentine were severed from this action into a new action on December 17, 2019 due to the pending criminal charges against him. Dkt. No. 42.

In the Second Amended Complaint, Doe alleges against SAT (1) 42 U.S.C. § 1983 Unreasonable Seizure, Substantive Due Process, and Abuse of Power, (2) 42 U.S.C. § 1983 Violation of Bodily Integrity, (3) Negligent Failure to Warn or Protect, (4) Negligent Infliction of Emotional Distress, (5) Vicarious Liability, and (6) Negligence. Dkt. No. 46 at 12–24.

1

## II.    LEGAL STANDARDS

### A.  Motion for Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Courts must refrain from making credibility determinations. *Choe v. Bank of America, N.A.*, 605 Fed. Appx. 316, 320 (5th Cir. 2015); *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013).

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either

produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc*., No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). The nonmovant must identify specific evidence in the record and explain how that evidence supports their claim. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

## B.  42 U.S.C. § 1983

Section 1983 provides a federal cause of action against those who, under color of state law, deprive a United States citizen of "any rights, privileges, or immunities secured by the Constitution and laws." County liability under § 1983 requires (1) an official policy; (2) promulgated by a final policymaker; (3) that is a moving force behind the violation of the constitutional right. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

## C.  Negligence

The elements of a negligence cause of action are duty, breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs*, 907 S.W.2d 472, 477 (Tex. 1995). The components of proximate cause are cause-in-fact and foreseeability. *Id.*; see also *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). These elements cannot be established by mere conjecture, guess, or speculation. *Boys Clubs*, 907 S.W.2d at 477 (citing *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980)).

The existence of a duty is a question of law for the Court to decide from the facts surrounding the occurrence in question. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.

3

1995); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Generally, a person has no legal duty to protect another from the criminal acts of a third person or control the conduct of another. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996) (citing *Centeq*, 899 S.W.2d at 197; *Greater Houston Transp. Co.*, 801 S.W.2d at 525; *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)).

The test for cause-in-fact is whether the negligent "act or omission was a substantial factor in bringing about injury," without which the harm would not have occurred. *Boys Clubs*, 907 S.W.2d at 477 (quoting *Prudential Ins. Co. of America v. Jefferson Associates, Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995)). "Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible." *Id.* (citing *Bell v. Campbell*, 434 S.W.2d 117, 120 (Tex. 1968)). "The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of resulting injuries.... [and] justify the conclusion that such injury was the natural and probable result thereof." *Id.* (quoting *Carey v. Pure Distrib. Corp.*, 124 S.W.2d 847, 849 (Tex. 1939)).

"Foreseeability, the other aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Id.* at 478 (citing Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549-50 (Tex. 1985)). The danger of injury is foreseeable if its "general character ... might reasonably have been anticipated." *Id.* (quoting *Carey*, 124 S.W.2d at 849). "Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Id.* (citing RESTATEMENT (SECOND) OF TORTSS [sic] § 435(2) (1965)).

Negligent infliction of emotional distress is not a recognized cause of action under Texas law. *Texas Farm Bureau Mut. Ins. Cos. v. Sears,* 84 S.W.3d 604, 612 (Tex. 2002); *see also Duggan*

*v. Emerson Electric Company, et al*, Case No. 4:11-cv-00606-RAS-DDB, Dkt. No. 49 at 3 (E.D. Tex. Feb. 21, 2013).

### D.  Vicarious Liability

"The common-law principles that define when there will be vicarious liability are designed to assign liability for injury to third parties to the party who was directing the details of the negligent actor's conduct when that negligence occurred." *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 146 (Tex. 2003). Generally, there is no duty to control the conduct of third persons. *Greater Houston Transport Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (citing *Otis,* 668 S.W.2d at 309; RESTATEMENT (SECOND) OF TORTS § 315 (1965)). However, certain special relationships between an actor and third party may impose a duty upon the actor to control the third party's conduct. *Id.* (citing *Otis,* 668 S.W.2d at 309; RESTATEMENT (SECOND) OF TORTS § 315(a) (1965)). These relationships include employer and employee, parent and child, and independent contractor and contractee under special circumstances. *Id.* (citing *Exxon Corp. v. Quinn,* 726 S.W.2d 17, 20 (Tex. 1987); RESTATEMENT (SECOND) OF TORTS § 316–20 (1965)).

An employer may be held vicariously liable for its employee's negligent acts if those acts are within the course and scope of his employment. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125 (Tex. 2018). To prove vicarious liability a plaintiff must show that "at the time of the negligent conduct, the worker (1) was an employee and (2) was acting in the course and scope of his employment." *Id.*

### III.   ANALYSIS

#### A.  42 U.S.C. § 1983 Claims

Doe states, "Plaintiff does not contest [sic] that the Sheriffs' Association is a governmental entity or that Section 1983 applies to this Defendant. To the extent that Plaintiff's live pleading is misconstrued to allege Section 1983 claims against the Sheriff's Association of Texas, Plaintiff voluntarily dismisses those claims." Dkt. No. 99 at 5. Doe's Second Amended Complaint, in the header of Count 2: 42 U.S.C. § 1983 Violation of Transport Policy and Count 3: 42 U.S.C. § 1983 Unreasonable Seizure, Substantive Due Process, and Abuse of Power, each states the counts are "[a]gainst [a]ll [d]efendants." Dkt. No. 46 at 10, 12. The Court accepts Doe's voluntary dismissal of Count 2 and Count 3 against SAT.

#### B.  Negligence

##### 1.  General Negligence

SAT argues that as a matter of law SAT had no ability to control the Sheriff's hiring decisions. Dkt. No. 80 at 22 (citing *Renken v. Harris County*, 808 S.W.2d 222, 225 (Tex. App. – Houston [14th Dist.] 1991) (Texas law provides "sheriffs, and other elected county officials, virtually unbridled authority in hiring and firing their employees.") (citing *Irby v. Sullivan*, 737 F.2d 1418, 1421 (5th Cir. 1984))). SAT further argues the evidence shows that SAT had no authority to control the Sheriff's hiring practices and no knowledge of Roger Valentine. *Id.* (citing Dkt. No. 80-2, ¶¶ 13, 20). Accordingly, SAT concludes, SAT cannot be held liable for negligence in allowing Valentine to be hired. *Id.* at 23.

Doe responds that "The Defendant Sheriffs' Association provided no meaningful disclosures in this matter." Dkt. No. 99 at 5. Doe asserts that SAT "did not even disclose whether the Sheriffs specifically involved in this matter . . . are active members of the Sheriffs'

Association" and did not produce any policies, procedures, or documents beyond the IRS Determination Letter to the Sheriffs' Association of Texas, Inc. prior to filing their Motion. *Id.* at 5–6. Doe argues, "[w]ithout any meaningful disclosure from the Sheriffs' Association, there is still a fact issue with respect to Defendant's negligence (and duties to Plaintiff), which was created in part by the disclosure of the Sheriffs' Association own By-Laws and Charter, attached for the first time to Defendant's Motion." *Id.* at 6 (citing Dkt. No. 80-2).

SAT replies that "[t]he membership of a sheriff in a nonprofit organization that has no power over the operation of the Sheriff's Office is not relevant." Dkt. No. 114 at 5. SAT argues Doe's complaints about the size of SAT's disclosures are only more proof that SAT has no connection to the facts of the case and that SAT "has no information related to Plaintiff, Harrison County, or Defendant Valentine, including his hiring, employment, discharge, or alleged actions." *Id.* at 6.

SAT argues that Doe had adequate time for discovery. *Id.* Doe notes the case was filed on July 25, 2019, and the discovery deadline was December 3, 2020, giving more than sixteen months to conduct discovery. *Id.* SAT asserts that Doe did not request to take the deposition of a representative of SAT and did not serve SAT with written discovery. *Id.*

The Court is not convinced that any shortcomings of the disclosures are proof of a party's lack of connection to the facts of the case. However, when asked at the July 16, 2021 hearing whether counsel for Doe had any additional evidence at this point or case law to support the theory that SAT has a duty to Doe, no additional support was provided.

Further, the Court is convinced that Doe had adequate time to seek discovery and, if discovery was withheld, to move to compel discovery. Doe filed her first and only motion to compel in this matter on June 29, 2021. *See* Dkt. No. 123. The deadline to file a motion to compel

7

was May 17, 2021. Dkt. No. 75 at 3. SAT's Motion was filed on June 7, 2021. Dkt. No. 80. Further, SAT has shown that Doe did not request to take the deposition of a representative of SAT or serve SAT with written discovery. Dkt. No. 114 at 6.

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). SAT has met this burden by showing that the nonmoving party does not have enough evidence to establish the essential element of a duty by filing evidence that SAT had no authority to control the Sheriff's hiring practices and no knowledge of Roger Valentine. *See* Dkt. No. 80-2, ¶¶ 13, 20.

The nonmovant must identify specific evidence in the record and explain how that evidence supports the claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Doe argues that "[r]egardless of any relationship with Roger Valentine, the Sheriffs' Association almost certainly had a relationship with the Sheriffs who hired Valentine (and allowed him to voluntarily resign and continue to work in law enforcement), and failed to disclose said relationship." Dkt. No. 99 at 6 (citing Dkt. No. 80-2). Doe does not identify specific evidence in the record, but merely broadly points to the Affidavit of Steve Westbrook and asserts "the Sheriffs' Association almost certainly had a relationship . . . ." *See Id.*

8

The Affidavit of Steve Westbrook is the subject of Doe's Objections to and Motion to Strike Defendants' Summary Judgment Evidence ("Motion to Strike"). Dkt. No. 105 at 8. However, the Affidavit of Steve Westbrook is the only evidence that Doe has pointed to carry her burden. Even if Doe's Motion to Strike were granted, Doe would then have presented no evidence to meet her burden. Accordingly, regardless of the merits of Doe's Motion to Strike, the Court sill grant SAT's Motion with respect to Count 11: State Law Claim Negligence thus finding Doe's Motion to Strike moot with respect to the general negligence section of SAT's Motion.

## 2.  Negligent Failure to Warn or Protect

SAT argues that it had no duty to warn because generally, a person has no legal duty to protect another from the criminal acts of a third person or to control the conduct of another. Dkt. No. 80 at 23 (citing *Walker*, 924 S.W.2d at 377). SAT further argues that Doe can produce no evidence that SAT was negligent as it knew nothing about Valentine, had no ability to control Valentine's behavior, and did not know of Doe or that Doe would be in the custody of Harrison County. *Id.* at 24 (citing Dkt. No. 80-2 at ¶¶ 14, 17, 20, 21).

Doe responds that this is "patently false and misleading," asserting SAT "had knowledge to pass along to the Sheriffs' Office of Harrison County, and by extension, Valentine, regarding sexual contact with inmates." Dkt. No. 99 at 14. Doe argues SAT's mission is to "promote the greater good" and that this includes passing along knowledge, such as how to prevent sexual assault of inmates, that would protect Doe regardless of SAT's knowledge of either Doe or Valentine. *Id.* (citing Dkt. No. 80-1 at 11).

Doe contends SAT "cannot deny knowledge of the inherent risk of sexual assault when officers are transporting persons in custody alone, with no other safeguards and no education as to why sexual abuse (or even contact) with or of inmates is wrong." *Id.* at 14–15. Doe further argues

SAT has the ability to require that sexual harassment and/or any sexual misconduct by a law enforcement officer be reported in some form to them by Sheriffs of participating counties and that SAT's failure to consider an advisory capacity evidences a failure to warn or protect Plaintiff.

All of this, with the exception of the citation to SAT's Constitution and By-Laws to support the assertion SAT's mission is to "promote the greater good," is attorney argument. Doe provides no evidence that SAT knew anything about Valentine, had any ability to control Valentine's behavior, or knew of Doe or that Doe would be in the custody of Harrison County.

Doe argues that SAT's mission statement to "to promote the greater common good of the citizens of Texas and the peace officers of this State" creates a duty to pass along knowledge of how to prevent sexual assault. Doe has cited no case law to suggest that a general mission statement to promote the greater common good creates a duty to anyone, let alone Doe.

The existence of a duty is a question of law for the Court to decide from the facts surrounding the occurrence in question. *Centeq*, 899 S.W.2d at 197; *Greater Houston Transp. Co.*, 801 S.W.2d at 525. Generally, a person has no legal duty to protect another from the criminal acts of a third person or control the conduct of another. *Walker*, 924 S.W.2d at 377 (citing *Centeq*, 899 S.W.2d at 197; *Greater Houston Transp. Co.*, 801 S.W.2d at 525; *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)). A mere mission statement to promote the greater common good is insufficient to create a legal duty to protect another from the criminal acts of a third person as a matter of law. Accordingly, SAT's Motion is granted with respect to Count 6: Negligent Failure to Warn or Protect.

### 3. Negligent Infliction of Emotional Distress

SAT argues that negligent infliction of emotional distress is not a recognized cause of action under Texas law. Dkt. No. 80 at 24 (citing *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993);

*Texas Farm Bureau Mut. Ins. Cos.* 84 S.W.3d at 613; *Duggan*, Dkt. No. 49 at 3). SAT is correct, as this Court has found previously. *See Duggan*, Dkt. No. 49 at 3. Accordingly, Count 9: Negligent Inflection [sic] of Emotional Distress is dismissed against SAT.

### C.  Vicarious Liability

SAT argues it cannot be held vicariously liable for Valentine's actions. Dkt. No. 80 at 25–26. SAT asserts that Plaintiff cannot produce evidence "that Valentine was, at any time, a representative, member or agent of the Association" and that evidence shows Valentine was in fact not. *Id.* at 26 (citing Dkt. No. 80-2 at ¶¶ 11, 18).

Doe asserts that the Supreme Court of Texas has held that the liability of an Association should be analyzed in terms of specific actions undertaken, authorized, or ratified by those members. Dkt. No. 99 at 15 (citing *Juhl v. Airington*, 936 S.W.2d 640 (Tex. 1996)). Doe admits "Plaintiff admittedly has no evidence that the Association undertook, authorized, or ratified either Sheriff McCool or Sheriff Fletcher's actions, much less Roger Valentine's. However, Plaintiff also does not have enough information to make that determination or to respond to Defendant's alleged defenses." *Id.*

SAT has asserted that Plaintiff cannot produce evidence that Valentine was a representative, member, or agent of SAT. Dkt. No. 80 at 26 (citing Dkt. No. 80-2 at ¶¶ 11, 18). Doe has not provided any evidence to suggest otherwise. If Doe requested discovery and did not receive it, Doe should have filed a motion to compel sometime within the sixteen-month discovery period. Doe has not established sufficient grounds to assign vicarious liability to SAT as a matter of law and accordingly SAT's Motion with respect to Count 10: Vicarious Liability is granted.

## IV.     CONCLUSION

After due consideration, the Court **GRANTS** SAT's Motion in its entirety. Accordingly, the Court **ORDERS** that all claims against the Sheriff's Association of Texas are dismissed with prejudice.

**SIGNED this 23rd day of July, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE